JOSEPH SALITURO, Corporation Counsel, Kenosha County
You ask whether under sec. 74.17, Stats., your county treasurer must collect personal property taxes which have been returned delinquent by a town within the county. You answer this question in the affirmative, and I agree. The statute says that such taxes "shall be accepted by the county treasurer for collection . . ." This same duty has been imposed upon the county treasurer for many years. See secs. 1111-1114, Rev. Stats. 1878, and 8 OAG 242 (1919). However, the picture is more complex than that.
Section 74.31, Stats., provides that the county treasurer, a year after any delinquent personal property tax has been returned to his office by a town and upon the sheriff's affidavit that the tax is uncollectible, shall charge the tax back to the town. If any delinquent personal property tax is charged back to the town by the county treasurer, the obligation to collect falls back upon the town. Sec. 74.19 (4), Stats. Also, sec. 74.19 (3) (b), Stats., permits a town to retain for collection delinquent personal property taxes, rather than returning them to the county treasurer pursuant to sec. 74.17.
Also, you ask what methods are to be used by the county treasurer to collect delinquent personal property taxes; whether there is a conflict between secs. 74.11 and 74.29, Stats.; and how to draft — and who must sign — the warrant mentioned in sec. 74.29.
As you have said, sec. 74.11, Stats., refers to the town, city or village as the plaintiff in an action brought under that section. The district attorney does not appear in an action under that statute, unless he is requested by the county treasurer to handle an appeal to the Circuit Court. However, the district attorney or corporation counsel could initiate an action under sec. 74.12, upon request of the county treasurer. Also sec. 74.29
provides that the county treasurer shall issue his warrant directed to the sheriff, commanding him to collect personal property taxes which have been returned delinquent, and attach a schedule of such taxes.
There does not appear to be any conflict between secs. 74.11
and 74.29, Stats. A predecessor of mine concluded that a town, village or city could not bring an action to collect personal property taxes after *Page 206 
the date when such taxes should have been returned delinquent to the county treasurer. 22 OAG 1018 (1933). After that date only the county may bring an action to collect, unless the taxes have been retained by the local municipality, under sec. 74.19 (3) (b), or have been charged back to such municipality, under sec.74.31. Thus, the provision in sec. 74.11 (2) — that the town, city or village shall be the plaintiff — has no applicability to a proceeding under secs. 74.12 or 74.29, where the proceeding to collect is initiated by the county.
There is no statutory form for the warrant to be issued under sec. 74.29, but the warrant should include the provisions set forth in subsec. (2). It could be modeled upon a general form of execution, such as that set forth in 6 Callaghan's Wis. Pleading and Practice, sec. 44.18. The treasurer's warrant should run in the name of the treasurer in his official capacity and, as the statute prescribes, must be signed by such officer. The warrant would not refer to any judgment but should refer to the schedule attached and should command the sheriff to satisfy the delinquent taxes set forth on such schedule. The return should be to the county treasurer, rather than to the clerk of Circuit Court.
RWW:EWW